[No. B151217. Second Dist., Div. Six. Mar. 4, 2002.]

In re the Marriage of LYNN and JACK ALAN BOWER.
LYNN BOWER, Appellant, v.
JACK ALAN BOWER, Respondent.

894

**COUNSEL**

George H. Hultman for Appellant.

Law Offices of Arthur Zittell, Arthur Zitell; Lascher & Lascher and Gabriele Mezger-Lashly for Respondent.

## OPINION

**YEGAN, J.**—Wife unsuccessfully appeals from orders reducing and then terminating spousal support and denying her request for attorney's fees and costs. She contends that the trial court (1) erroneously applied Family Code section 4323 (presumption of decreased need for spousal support if the supported party is cohabiting with a person of the opposite sex), (2) failed to give adequate reasons for its order reducing and terminating spousal support, and (3) abused its discretion in denying attorney's fees and costs.[1]

Notwithstanding the manner in which the contentions are phrased, in reality appellant asks us to reweigh the evidence and substitute our discretion for that of the trial court. As we have previously indicated, these are not legitimate functions of the Court of Appeal. (*In re Marriage of Martin* (1991) 229 Cal.App.3d 1196, 1200 [280 Cal.Rptr. 565]; *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1449 [77 Cal.Rptr.2d 463].) We again lament, "no one seems to listen." (*In re Marriage of Martin, supra,* 229 Cal.App.3d at p. 1200.)

### 1995 Order

The parties' 15-year marriage was dissolved in October 1995. Husband was ordered to pay $1,700 per month spousal support. At that time, wife's monthly gross income was $2,586.

### 1997 Order

In February 1997 husband sought modification or termination of spousal support. He alleged that wife was cohabiting with Mr. S. and that her earnings had increased.[2] Wife admitted only that she had "moved in" with Mr. S. and was splitting "living expenses" with him. She referred to Mr. S. as "a roommate." Wife attached checks payable to S. "evidencing [her] one half [payment] of the rent, utilities, and food." By this arrangement, wife was saving "a little bit of money on rent." Her income and expense declaration showed a current monthly gross income of $2,690.

The trial court denied husband's request to modify or terminate spousal support. It found that wife and Mr. S. were only "roommates" and ". . . that she pays her fair share of living expenses in regards to rent, utilities, and food." Had husband appealed from this order, he would not have prevailed. He wisely recognized the trial court's ruling as an adverse factual finding on the issue of cohabitation.

---

[1] All statutory references are to the Family Code.
[2] Although not required to do so, we refer to wife's cohabitant by his last initial only.

*2000 Order*

In October 2000 husband again sought termination of spousal support. Husband alleged that wife's income had increased to a level approaching her standard of living when the marriage was dissolved. He again claimed that wife was cohabiting with Mr. S. This time, he had proof. Husband submitted a bank statement showing that wife and Mr. S. maintained a joint savings account. The parties stipulated that wife was cohabiting with Mr. S.

Notwithstanding the stipulation, wife insisted that her circumstances had not changed since the 1997 proceeding. She alleged that she had received "only a modest increase in earnings" and that she "live[d] in an apartment with a room mate [*sic*]." Wife's income and expense declaration showed a current monthly gross income of $3,598. She had $500 in cash, $3,000 in savings, and $13,347 in other liquid assets.

The trial court found that wife "is now cohabiting with Mr.[S.] and [is] not merely a roommate . . . ." Noting section 4323, the trial court applied the presumption that wife had a reduced need for spousal support. It ruled that wife had "failed to meet her burden to refute the presumption . . . ." It did not immediately terminate spousal support because wife's "standard of living during the marriage was higher than what she has now, and [husband] continues to have the financial ability to provide support." The court reduced monthly spousal support to $500 and ordered that it be terminated after one year. The court believed that the "additional year period will allow [wife] the time and income to be able to obtain her own residence . . . without having to invade the savings and other assets that she has been able to accumulate . . . ." The court denied wife's request for attorney's fees and costs.

*Standards of Review*

■ " 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations]." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)

■ " 'Whether a modification of a spousal support order is warranted depends upon the facts and circumstances of each case, and its propriety rests in the sound discretion of the trial court the exercise of which this court will not disturb unless as a *matter of law* an abuse of discretion is shown.' [Citation.] An abuse of discretion occurs 'where, considering all the relevant

circumstances, the court has exceeded the bounds of reason or it can fairly be said that no judge would reasonably make the same order under the same circumstances.' [Citation.]" (*In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 7 [17 Cal.Rptr.2d 480].) We " 'must accept as true all evidence tending to establish the correctness of the trial judge's findings, resolving all conflicts in the evidence in favor of the prevailing party and indulging in all legitimate and reasonable inferences to uphold the judgment.' " (*In re Marriage of Stephenson* (1995) 39 Cal.App.4th 71, 82, fn. 5 [46 Cal.Rptr.2d 8].) As we shall explain, the trial court's statement of decision (see *ante*, p. 898) contains factual findings, adverse to wife, which are fatal to her appeal. (*In re Marriage of Martin, supra,* 229 Cal.App.3d at p. 1200.) She has not demonstrated, as a matter of law, that these factual findings are not supported by the record (*ibid.*) or that the trial court abused its discretion as a matter of law. (*Estate of Gilkison, supra,* 65 Cal.App.4th at pp. 1448-1449.)

*Modification of Spousal Support and the Presumption of Section 4323*

■ In exercising discretion whether to modify a spousal support order, "the court considers the same criteria set forth in section 4320 as it considered when making the initial order . . . . [Citation.] These factors include the ability of the supporting party to pay; the needs of each party based on the standard of living established during the marriage; the obligations and assets of each party; and the balance of hardships to each party. (§ 4320, subds. (c)-(e), (j).)" (*In re Marriage of Terry* (2000) 80 Cal.App.4th 921, 928 [95 Cal.Rptr.2d 760].) " 'Modification of spousal support . . . requires a material change of circumstances since the last order. [Citations.] Change of circumstances means a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs. [Citations.] It includes all factors affecting need and the ability to pay. [Citation.] . . . [A]n abuse [of discretion] occurs when a court modifies a support order without substantial evidence of a material change of circumstances. [Citations.]' [Citations.]" (*Id.,* at pp. 936-937.)

■ A material change of circumstances may occur if the supported spouse alters his or her lifestyle and cohabits with a person of the opposite sex. Cohabitation may reduce the need for spousal support because "sharing a household gives rise to economies of scale. [Citation.] Also, more importantly, the cohabitant's income may be available to the obligee spouse." (*In re Marriage of Schroeder* (1987) 192 Cal.App.3d 1154, 1159 [238 Cal.Rptr. 12].) Section 4323, subdivision (a)(1), provides, "[T]here is a rebuttable presumption, affecting the burden of proof, of decreased need for spousal support if the supported party is cohabiting with a person of the opposite sex." "[T]he Legislature created the presumption . . . based on thinking that

cohabitation . . . creates a change of circumstances so tied in with the payment of spousal support as to be significant enough by itself to require a re-examination of whether such need for support continues in such a way that it still should be charged to the prior spouse." (*In re Marriage of Leib* (1978) 80 Cal.App.3d 629, 643 [145 Cal.Rptr. 763].)

### *No Abuse of Discretion in Concluding That Wife's Cohabitation Was a Change of Circumstances Triggering the Presumption of Section 4323*

■ In its statement of decision, the trial court observed that in the 1997 proceeding it had "found that the person with whom [wife] was residing . . . in effect, was a roommate." It concluded that the evidence in the present proceeding clearly established "that [wife] is now cohabiting with Mr. [S.] and [is] not merely a roommate . . . ." It therefore applied the presumption of·section 4323 that wife had a decreased need for support.

Wife alleges that the trial court abused its discretion because her cohabitation with Mr. S. "was clear in 1997" and the trial court "in effect found" cohabitation in the 1997 proceeding. She submits that the 1997 order's reference to *In re Marriage of Lieb, supra,* 80 Cal.App.3d 629, 643, shows that the trial court found that she was cohabiting with Mr. S. in 1997. The 1997 order cites *In re Marriage of Lieb* and says that she is "not 'giving away household services at the expense of obligor former spouse.' " Thus, wife argues, cohabitation was not a change of circumstances and could not have triggered the presumption of section 4323.

Wife's interpretation of the 1997 order flies in the face of the rules on appeal (*ante,* pp. 898-899) and violates the "obligation of the reader," articulated by Justice Gilbert in *Harris v. Superior Court* (1992) 3 Cal.App.4th 661, 665-667 [4 Cal.Rptr.2d 564].)[3] In 1997 the trial court neither expressly nor impliedly found cohabitation. The fair and only import

---

[3]In *Harris v. Superior Court, supra,* 3 Cal.App.4th at pages 665-666, under the heading "*A short digression on the subject of what cases mean—obligations of the writer and the reader*" this court said: "An opinion ought to be written so that a reasonably intelligent reader knows what it means. The opinion ought to be concise and clear, not vague and obscure. The holding of a case should state a principle of law with sufficient clarity so that persons can carry on their affairs with reasonable predictability as to the legal consequences of their actions. If, however, an opinion be reasonably susceptible to different interpretations, then the writer may have failed to meet his or her obligation. [¶] On the other hand, if the reader lets the wish for a particular result color the meaning of an opinion, then the reader has not met his or her obligation. It is understandable that lawyers often view a case only from the perspective that favors their client. Lawyers, however, should not practice '. . . the art of proving by words multiplied for the purpose, that *white* is *black* and *black* is *white,* according as they are paid.' (Swift, Gulliver's Travels (1726) A Voyage to the Country of the Houyhnhbms, ch. 5.) [¶]

of that order is that the trial court factually found that there was no cohabitation at that time. That the order says she was not making a gift of the value of household services does not show that she was cohabiting with Mr. S. The 1997 ruling does not mention any presumption of decreased need that a cohabitation finding would entail. In 1997 the trial court credited wife's representation that Mr. S. was merely a roommate: "[Wife] indicates that Mr. [S.] is, in effect, a roommate. She attaches persuasive evidence that she pays her fair share of living expenses in regards to rent, utilities, and food." Thus, the reader has let "the wish for a particular result color the meaning" of the order. (*Id.*, at p. 666.)

The 1997 evidence that wife and Mr. S. were roommates sharing expenses was insufficient by itself to establish cohabitation: "When the Legislature chose to use 'cohabiting' it was selecting a word of particular legal significance that carries more meaning than two persons of the opposite sex living under the same roof." (*In re Marriage of Thweatt* (1979) 96 Cal.App.3d 530, 534 [157 Cal.Rptr. 826].) In *Thweatt* the appellate court found no cohabitation where the wife shared expenses with two male boarders and there was "no evidence of a sexual relationship, a romantic involvement, or even a homemaker-companion relationship between either of the men and wife." (*Id.*, at p. 535.) The 1997 proceeding was similarly devoid of such evidence.

In the 2000 proceeding there was substantial evidence showing that wife's relationship with Mr. S. had ripened into more than just an arrangement for sharing expenses. The stipulation to cohabitation is tantamount to a concession that, at least on a practical level, wife was living with Mr. S. as though he were her husband. In addition, they maintained a joint savings account to "which they equally contribute[d] to save up for vacations and trips taken together." This was a material change of circumstances triggering the presumption of section 4323.

*The Trial Court Gave Adequate Reasons for Its Order*

■ Wife contends that the trial court failed to give adequate reasons for its order reducing spousal support and terminating it after one year. Wife

---

This approach is unproductive because ' "[a] litigant cannot find shelter under a rule announced in a decision that is inapplicable to a different factual situation in his own case, nor may a decision of a court be rested on quotations from previous opinions that are not pertinent by reason of dissimilarity of facts in the cited cases and in those in the case under consideration." ' (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1157 [278 Cal.Rptr. 614, 805 P.2d 873], quoting *Southern Cal. Enterprises* v. *Walter & Co.* (1947) 78 Cal.App.2d 750, 757 [178 P.2d 785].)"

alleges: "[T]here is no explanation for the step down order in support other than [that] the . . . Trial Court found that [wife] is **now** cohabiting." But the statement of decision shows that the court also considered the increase in wife's earnings and assets. The court observed that, since the 1997 proceeding, wife's monthly earnings had increased from $2,700 to $3,600. It also noted that in 1997 wife had "listed savings of $400, and no stock, bonds or other liquid assets." In the present proceeding wife listed "savings of $3,000 and stocks, bonds and other liquid assets of approximately $13,000." The trial court explained that it was continuing reduced spousal support for one year to enable wife to purchase a residence "without having to invade [her] savings and other assets . . . ." The record permits intelligent appellate review. The trial court's articulated rationale cannot be equated with an abuse of discretion. In fact, the record would justify an outright termination of spousal support. It need not explain in detail why it extended largesse to wife.

### The Trial Court Did Not Abuse Its Discretion in Denying Wife's Attorney's Fees

■ Wife contends that the trial court abused its discretion in denying her request for attorney's fees and costs because husband's ability to pay was clear and she was still in need of support. (§ 2032, subd. (a).) "[T]he court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately . . . ." (*Id.*, subd. (b).) However, "[f]inancial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties . . . ." (*Ibid.*) "[A] motion for attorney fees and costs . . . is left to the sound discretion of the trial court. [Citation.] In the absence of a clear showing of abuse, its determination will not be disturbed on appeal. [Citation.] '[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made. [Citations.]' [Citation.]" (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768-769 [209 Cal.Rptr. 354, 691 P.2d 1020].)

The trial court did not abuse its discretion. Wife did not prevail on the order to show cause. Although husband had a greater ability to pay, we cannot say that the trial court abused its discretion as a matter of law. (*Estate of Gilkison, supra,* 65 Cal.App.4th at pp. 1448-1449.)

*Disposition*

The 2000 order is affirmed. Costs to respondent.

Gilbert, P. J., and Perren, J., concurred.