Filed 8/1/16  Marriage of Morcos-Jewgieniew and Jewgieniew CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of NICOLE MORCOS-JEWGIENIEW and KUBA JEWGIENIEW. | |
| NICOLE MORCOS-JEWGIENIEW, Appellant, v. KUBA JEWGIENIEW, Respondent. | G050727 (Super. Ct. No. 10FL000492) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Salvador Sarmiento, Judge.  Affirmed.

Brauer Law Corporation and Laurel B. Brauer for Appellant.

Law Offices of Marjorie G. Fuller, Marjorie G. Fuller; Stegmeier, Gelbart, Schwartz & Benavente and Saul M. Gelbart for Respondent.

\*          \*          \*

Nicole Morcos-Jewgieniew (mother) and Kuba Jewgieniew (father) are former spouses and the parents of two minor children. When father filed a request for order (RFO) to increase summer vacation time with the children, mother filed an objection and also requested attorney fees. The court granted the RFO and awarded mother attorney fees in an amount less than she requested.

On appeal mother argues the court erred in not issuing a statement of decision, although requested, and failing to make findings regarding its award of attorney fees. We disagree and affirm.

## FACTS AND PROCEDURAL HISTORY

At the time of the hearing the children were aged eight and nine. The judgment of dissolution, entered in 2008, awarded joint physical and legal custody of the children, and granted primary physical custody to mother. Each parent was provided "three weeks of uninterrupted custodial time with the children during the children's Summer Vacation/Intersession periods."

In 2012 father wanted to take the children on a Disney cruise. When mother refused to allow it, father was required to obtain a court order. The next year father sought another court order to take the children to Europe. Over mother's objections, the court authorized the trip.

In December 2013 father filed an RFO to take the children to Europe for four weeks during the summer of 2014. It was set for hearing for March 3, 2014. Mother's lawyer entered the case when she signed a substitution of attorney on February 13, which was filed on February 18.

On February 28 mother filed an ex parte request (Ex Parte) to continue the hearing on the grounds she was served with the request on the latest possible date for service and her lawyer had not had time to respond. As part of the request she sought $15,000 in attorney fees and $1,000 in costs, claiming they had been and would be incurred from the date of representation until the hearing. She also sought an order for

2

limited discovery to obtain father's financial information in support of the request for attorney fees and costs. Although the court continued the hearing to April 1, it did not rule on the request for attorney fees or discovery.

In mother's declaration in opposition to the RFO, she asked, among other things, that father's vacation time with the children be reduced to two consecutive weeks in summer until the children reached the ages of 12 and 13, respectively, at which time it could be increased to three weeks, and that vacation not be conditioned on out-of-town travel. Mother stated she believed the three-week vacation taken the prior year had been too long for the young children. They did not have their "normal, comfort things. And, their Mom." They had had limited contact during the vacation the previous year.

Mother filed an income and expense declaration showing she earned between $1,500 and $3,000 per month. She also received child support of $3,000 a month. She stated she had about $2,000 in savings and an $80,000 credit card debt. Her response included a discussion of the applicable factors under Family Code section 4320[1] (all further statutory references are to this code unless otherwise stated), a declaration in support of the fee request, and billing statements from her lawyer.

In his declaration father stated he was able to pay reasonable attorney fees, thus eliminating any need for discovery as to his finances. He also explained this was the third time in three years he had been required to file an RFO to secure travel with the children; mother had opposed each one.

In an attempt to settle the instant matter he had offered to reduce the proposed four-week trip to Europe to three weeks, with one additional week another time. This was consistent with the original judgment and orders from the past two summers. Mother's counteroffer was a two-week trip. Father opposed mother's request for attorney

---

[1] This section sets out the factors for the court to consider in ordering spousal support.

fees on the ground her opposition to his RFO was not reasonable since the judgment already allowed him three consecutive weeks of vacation.

In her reply points and authorities, mother claimed her attorney fees now totaled not quite $28,500. This included estimated fees for the hearing and other services for March not yet finalized. Work done to generate the fees included becoming familiar with the case; researching various issues; client meetings and communications; preparing the request for continuance and the motion for attorney fees and to reopen discovery, the response to father's RFO and a reply; and working on settlement discussions.

During the hearing on the RFO and Ex Parte the parties stipulated to several terms of summer visitation. They also agreed the attorney fees issue would be decided on declarations.

After the hearing the court ruled father's trip with the children would be three weeks. The court ordered father to pay mother $3,500 for her attorney fees and costs.

Mother filed objections to the order. She complained the court failed to issue a statement of decision and sought a "'reasoned judgment'" as to custody and visitation, relying on section 3011.[2] She also asked the court to explain the basis for awarding an amount less than what she requested in attorney fees, claiming it was error to award fees under section 2030 that are "'grossly disproportionate'" to those sought.

After reviewing the objections and father's response, the court found the order as to the summer vacation was not a custody ruling, thus making section 3022.3[3] inapplicable.

---

[2] Section 3011 deals with custody matters only.

[3] Section 3022.3, which requires the court to issue a statement of decision if requested, relates to custody matters only.

4

As to the attorney fees order, the court noted it had found the evidence presented showed mother had a need for a contributive share of fees. It also stated father had stipulated he had the ability to pay attorney fees. The court based its order on those facts. The court explained it found the amount mother requested "unreasonable" and ordered a reasonable amount based on mother's need, the evidence submitted, and the length of the hearing.

**DISCUSSION**

*1. Statement of Decision*

Mother contends the court erred by not providing her requested statement of decision because it is mandated under Code of Civil Procedure section 632. We disagree.

Code of Civil Procedure section 632 provides that "upon the trial of a question of fact by the court," if requested, "[t]he court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial." In family law cases this has been interpreted to apply only to matters that have been tried and not to orders after a motion or an order to show cause (OSC), even where there has been an evidentiary hearing. (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1497 [no statement of decision after motion for attorney fees granted]; *In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1040 [no statement of decision required where after OSC pendent lite spousal support and attorney fees ordered]; cf. *In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010 [statement of decision required under section 3654 where court reduced spousal support].) Since this was not a trial but a hearing on a visitation order, Code of Civil Procedure section 632 does not apply.

Mother claims our recent case of *In re Marriage of Shimkus* (2016) 244 Cal.App.4th 1262 (*Shimkus*) requires a statement of decision. Mother misreads the case. *Shimkus*, filed after the trial court hearing in this case, dealt with termination of spousal

5

support.  It held the court erred by failing to issue a statement of decision because section 3654 requires a statement of decision, if requested, where spousal support is terminated. (*Id*. at p. 1278.)

*Shimkus* did not hold a statement of decision was required on the issue of visitation or attorney fees, nor did it make an exception to or abrogate the current rule a statement of decision is not required after a motion or OSC.

Mother argues that because there was a factual dispute and testimony, the RFO hearing in our case was the equivalent of a trial, thus making a statement of decision appropriate.  In support she quotes a comment from a practice guide, which states that "it would appear the 'general rule' [that does not require a statement of decision] is not really appropriate" in "many family law motion/OSC hearings [that] do turn on factual controversies" where "the court's decision turns on factual findings."  (Hogoboom & King, Cal. Practice Guide:  Family Law (The Rutter Group 2015) ¶ 15:129, p. 15-29, italics omitted.)  The comment goes on to state "it is quite arguable that the tide should now turn in favor of applying [Code of Civil Procedure section] 632 in connection with family law motion and OSC hearings" because the court is generally required to take testimony under section 217.  (*Ibid*., italics omitted.)  When section 217 applies, the comment continues, the hearings are, in effect, "'mini-trials.'"  (*Ibid*.)

That may be the trend.  But mother cited no case law to support the position.  And there is contrary authority as cited above.

Further, the comment relies on section 217, as does mother, but it is not applicable here.  Section 217, subdivision (a) provides that at a hearing on a motion or OSC the court must receive live testimony unless the parties stipulate to the contrary or the court finds good cause not to do so.

The fact there was testimony on visitation did not transform the RFO into a trial for which a statement of decision would be required under Code of Civil Procedure section 632.  Furthermore, there was no live testimony on the issue of attorney fees; the

6

parties agreed to have the court decide the matter on declarations. Thus, even assuming the comment was persuasive, it is not applicable to the facts in this case.

Moreover, mother has not convinced us the facts of this case warrant a statement of decision. It is unclear from the briefs what mother finds substantively problematic about the visitation order. It appears her only complaint is the decision of the court not to issue a statement of decision.

At oral argument mother complained the court failed to set out specific facts as to why the court ordered attorney fees in a substantially smaller amount than requested. But the court found the amount requested was unreasonable. And as father points out, even if a statement of decision was required, the court merely need set out ultimate findings of fact, not the specific evidence on which the court relied to make such findings. (*Muzquiz v. City of Emeryville* (2000) 79 Cal.App.4th 1106, 1125.)

Mother also complains the court failed to provide a best interest analysis under section 3022.3, but that section deals with custody, again not an issue here. Similarly sections 2032 and 4320, which deal with attorney fees, require the court to make findings, not issue a statement of decision, and, as discussed below, the court made such findings. In addition, the attorney fee issue was tried on declarations, not live testimony, which abrogates the entire basis of mother's section 217 argument.

In any event mother failed to properly request a statement of decision. Under Code of Civil Procedure section 632, the request must "specify those controverted issues as to which the party is requesting a statement of decision." Here, mother did not direct the court to any controverted issues but merely stated "I do request a statement of decision."[4]

---

[4] At oral argument mother argued and father agreed mother had made a proper request for a statement of decision. The record does not support the parties' agreement and we are not bound by it. In any event, this is not the dispositive reason for our holding.

7

The court did not err when it determined it was not required to issue a statement of decision.

## 2. *Findings as to Attorney Fees Award*

Mother also complains the court did not make the required findings under sections 2030, 2032, and 4320 as to its rulings on attorney fees. We disagree with this claim as well.

Section 2032, subdivision (a) allows the court to award attorney fees and costs where they are "just and reasonable under the relative circumstance of the respective parties." In determining what is "just and reasonable," under section 2032, subdivision (b) the court is to consider "*to the extent relevant*," the factors listed in section 4320. (Italics added.)

Section 2030, subdivision (a)(2) requires the court to make findings on whether 1) an award is "appropriate," 2) there is a disparity between the parties' financial ability to hire a lawyer, and 3) one party is able to pay attorney fees for both parties.

The court explained the award of attorney fees to mother was based on father's ability to pay, to which he stipulated. It was also based on mother's need for "a contributive share of attorney fees incurred," considering the evidence presented. The court found the amount mother requested was "unreasonable" and the amount it awarded was reasonable based on the evidence, mother's need, and the length of the hearing.

These findings were a satisfactory explanation of the three factors listed in section 2030, subdivision (a). The mere fact the court ordered attorney fees shows it considered an award "appropriate." The court stated it considered the evidence, which would include the income and expense declarations and mother's declaration in support of her Ex Parte. These showed the disparity between the parties' relative financial positions, and father stipulated he was able to pay mother's fees.

As to section 2032, the court is not required to consider the section 4320 factors unless they are relevant. (§ 2032, subd. (b).) And most of them are not. For

8

example, the ability to pay spousal support, the parties' marketable skills, the parties' needs based on their standard of living, the duration of the marriage, evidence of violence, the tax consequences of the award, the goal each party be self-supporting, and other factors going solely toward spousal support have no bearing on the attorney fees award here.

The parties' relative obligations and assets and the balance of hardships, other section 4320 factors, are at least to some extent relevant but they are comparable to factors included in the section 2030 consideration, about which the court made findings.

Further, section 2032, subdivision (a) allows the court to award attorney fees and costs where they are "just and reasonable." The upshot of the court's ruling is that it did not consider the requested $28,500 in fees reasonable.

Mother complains the court was not clear as to why the request was unreasonable and argues it must state a basis for the ruling. She contends she cannot determine the basis of this finding, asking, for example, whether the court found anything in the invoices unreasonable. But all the court is required to do is explain the factual and legal bases for the award; it need not discuss every specific fact.

The court has great latitude in setting the amount of attorney fees and we review its decision for abuse of discretion. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 283.) "'[W]hen the trial court is informed of the extent and nature of the services rendered, it may rely on its own experience and knowledge in determining their reasonable value.' [Citation.]" (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 870, italics omitted.)

Given that this was a not a complex matter but a rather relatively simple RFO regarding one summer's vacation plans, we see nothing to show the court abused its discretion in finding $28,500 an unreasonable amount. Moreover, that father has the financial wherewithal to pay mother's attorney fees does not mean she has carte blanche to be awarded an unreasonably high amount. (See, e.g., *In re Marriage of Huntington*

9

(1992) 10 Cal.App.4th 1513, 1524 [because wife over litigated case, in light of short marriage and parties' circumstances, court denied her attorney fees, though husband had substantial wealth].) We cannot say that in fixing this amount ""'"where, considering all the relevant circumstances, the court has exceeded the bounds of reason or it can fairly be said that no judge would reasonably make the same order under the same circumstances." [Citation.]' [Citation.]" (*In re Marriage of Bower* (2002) 96 Cal.App.4th 893, 898-899.)

Although the findings were not the most detailed and the order was not a model ruling, under the circumstances of this case it was sufficient to satisfy the court's obligations.

## DISPOSITION

The order is affirmed. Father is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

10