Filed 4/19/21  Marriage of Gonzalez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of LUPITA and JESUS GONZALEZ. | D077467 |
| LUPITA GONZALEZ, | |
| Respondent, | (Super. Ct. No. EFL18851) |
| v. | |
| JESUS GONZALEZ, | |
| Appellant. | |


APPEAL from an order of the Superior Court of Imperial County, Eran Bermudez, Judge.  Affirmed.

La Quinta Law Group and Timothy L. Ewanyshyn for Appellant.

No appearance for Respondent.


I

INTRODUCTION

Jesus Gonzalez (Husband) appeals an order denying his request to terminate spousal support for his ex-wife Lupita Gonzalez (Wife).  He

contends the trial court erred in denying his termination request on grounds that a material change of circumstances warranted termination of the spousal support. We affirm.

## II

## BACKGROUND

Husband and Wife were married for approximately 16 years and had two children together. They separated and a judgment for dissolution of marriage was entered in 2016. The judgment for dissolution of marriage is not included in the appellate record.

In 2018, the trial court ordered Husband to pay spousal support to Wife in the amount of $1,334 per month. The spousal support order is not included in the appellate record.

On July 12, 2019, Husband filed a request to terminate spousal support for Wife based on an alleged material change of circumstances. According to Husband, a change of circumstances existed for two reasons. First, Husband alleged Wife began cohabitating with a new boyfriend in early 2019. Second, Husband alleged Wife obtained new employment at a school. In a report filed together with Husband's request to terminate spousal support, a private investigator averred he was hired by Husband to verify Wife's living arrangements. The private investigator alleged he surveilled the boyfriend's home and witnessed Wife and her children exiting the boyfriend's home on two occasions.

There is no order adjudicating Husband's request to terminate spousal support included in the appellate record. However, Husband asserts in his appellate brief that the trial court denied his request because he failed to file an Income and Expense Declaration together with his request.

On September 27, 2019, Husband filed a second request to terminate spousal support for Wife. He largely reiterated the allegations of his initial request, but added that he had received documentation from Wife's new employer verifying she worked as an instructional aide. Husband asserted the spousal support was "designed to assist [Wife] while she was single and didn't have a stable job," but Wife was "no longer single and [was] working a stable job."

Father filed an Income and Expense Declaration together with his second request to terminate spousal support. The Income and Expense Declaration stated Husband earned $9,734.90 in salary and wages in the prior month while working as a police officer. It stated Husband had $5,827.14 in average monthly expenses including $3,500 in child support and spousal support.

On November 6, 2019, Wife filed a responsive declaration requesting that the court maintain the existing spousal support order. In an attachment to her declaration, Wife conceded she lived with her boyfriend and was employed at a school. However, she averred the judgment of dissolution of marriage incorporated an "agreement" that an increase in Wife's income "could not be considered a change of circumstances unless [her] income increased by more than $2,000 per month." According to Wife, "[t]hat provision was included because [she] initially agreed to a much lower amount of support than [she] would have been entitled to based on [her] actual income at that time." Wife alleged her income at the time of the judgment of dissolution of marriage was $1,334 per month and her current income was $2,287 per month. Because the increase in income was less than $2,000, Wife asserted there was no change in circumstance warranting a reduction of spousal support. Additionally, Wife alleged that although cohabitation with

3

her boyfriend reduced her monthly housing-related costs by $275, she had increased out-of-pocket healthcare costs of "at least $200 per month."

The register of actions, Wife's responsive declaration, and the attachment to Wife's responsive declaration all indicate that Wife filed an Income and Expense Declaration together with her responsive declaration. However, Wife's Income and Expense Declaration is not included in the appellate record.

A hearing regarding Husband's request to terminate spousal support took place. Thereafter, the trial court issued a written order denying the request without elaboration.

III

DISCUSSION

A

*Applicable Family Law*

"The trial court has broad discretion to decide whether to modify a spousal support order based on a material change of circumstances." (*In re Marriage of Terry* (2000) 80 Cal.App.4th 921, 928; see *In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 575 ["The trial court has broad discretion to decide whether to modify a spousal support order."].)

In its exercise of discretion, "the trial court is required to reconsider the same standards and criteria set forth in ... Family Code section 4320 it considered in making the initial long-term [support] order at the time of judgment and any subsequent modification order.' [Citation.] These criteria include, among other things, the earning capacity of each party, the ability of the supporting party to pay spousal support, the needs of each party, the age and health of the parties, the balance of hardships to the parties, and any

4

other factors the court determines are just and equitable."[1] (*In re Marriage of Berman* (2017) 15 Cal.App.5th 914, 920.)  For example, the court may consider whether the supported spouse cohabitates with another adult person because " 'sharing a household gives rise to economies of scale ... [and] the cohabitant's income may be available to the [supported] spouse.' " (*In re Marriage of Bower* (2002) 96 Cal.App.4th 893, 899; see § 4323, subd. (a)(1) [setting forth a rebuttable presumption of a decreased need for support if the supported party is cohabiting with a nonmarital partner].)

"When support is governed by a marital settlement agreement or stipulated judgment, the trial court's changed-circumstances determination must ' " 'give effect to the intent and reasonable expectations of the parties as expressed in the agreement.' " ' " (*In re Marriage of T.C. & D.C.* (2018) 30 Cal.App.5th 419, 424 (*T.C.*).)  " ' "[T]he trial court's discretion to modify the spousal support order is constrained by the terms of the marital settlement agreement." ' " (*In re Marriage of Minkin* (2017) 11 Cal.App.5th 939, 956.)

We review an order on a request to modify spousal support for abuse of discretion.  (*T.C., supra*, 30 Cal.App.5th at p. 423.)  " ' " ' "So long as the court exercised its discretion along legal lines, its decision will not be reversed on appeal if there is substantial evidence to support it." ' " ' " (*Id.* at pp. 423–424; see *In re Marriage of Shaughnessy* (2006) 139 Cal.App.4th 1225, 1235 [if a trial court follows " 'established legal principles and base[s] its findings on substantial evidence … its order will be upheld whether or not the appellate court agrees with it or would make the same order if it were a trial court' "].)

---

[1]    Further statutory references are to the Family Code.

B

*Principles of Appellate Review*

Section 3654 provides as follows: "At the request of either party, an order modifying, terminating, or setting aside a support order shall include a statement of decision." "A statement of decision generally must provide the factual and legal basis for the trial court's decision as to each of the principal controverted issues." (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1248 (*McHugh*).) "A statement of decision is as much, or more, for the benefit of the Court of Appeal as for the parties. It 'is our touchstone to determine whether or not the trial court's decision is supported by the facts and the law.' " (*In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010.)

" 'Under the doctrine of "implied findings," when parties waive a statement of decision expressly or by not requesting one in a timely manner, appellate courts reviewing the appealed judgment must presume the trial court made all factual findings necessary to support the [order] for which there is substantial evidence.' " (*McHugh, supra*, 231 Cal.App.4th at p. 1248.) "In other words, the necessary findings of ultimate facts will be implied and the only issue on appeal is whether the implied findings are supported by substantial evidence." (*Espinoza v. Shiomoto* (2017) 10 Cal.App.5th 85, 100 (*Espinoza*).) The doctrine of implied findings "is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)

C

*Analysis*

Husband claims the trial court abused its discretion in denying his request to terminate spousal support because, according to Husband, "[t]he court did not consider, at all, the change of circumstances in [Wife's] finances" allegedly arising from Wife's new employment and cohabitation with her boyfriend. Wife did not file a respondent's brief. However, we do not treat her failure to file a respondent's brief as an admission of error; rather, we consider the record and Husband's arguments to determine whether reversal is required. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1342, fn. 1; Cal. Rules of Court, rule 8.220(a)(2).)

There is no indication in the record that Husband requested a statement of decision pursuant to section 3654. Therefore, under the doctrine of implied findings, we presume the trial court made all findings necessary to support the challenged order. (*McHugh, supra*, 231 Cal.App.4th at p. 1248.) In particular, we presume the trial court found there was not a material change of circumstances warranting termination of spousal support despite Wife's new employment and her cohabitation with her new boyfriend.

In general, the sufficiency of the evidence supporting a trial court's findings may be challenged on appeal despite the implied findings doctrine. (*Espinoza, supra*, 10 Cal.App.5th at p. 100.) However, Husband cannot do so here because he has failed to provide us an adequate record to assess the sufficiency of the evidence supporting the trial court's findings. He has omitted from the record crucial trial court filings bearing on the Wife's financial resources including Wife's Income and Expense Declaration.

Further, Husband has not provided a reporter's transcript, agreed statement, or settled statement for the hearing on his request to terminate

7

spousal support. Therefore, we do not know what was said or what evidence was presented during the hearing. Because Husband did not provide a reporter's transcript, agreed statement, or settled statement, we must presume substantial evidence was presented during the unreported proceedings to support the trial court's findings. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [" ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' "]; see *In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error."].)

In sum, Husband's failure to request a statement of decision precludes us from assessing any argument other than the sufficiency of the evidence for the spousal support order. And his failure to provide an adequate appellate record requires us to presume the evidence was sufficient to support the spousal support order. For these reasons, Husband has not carried his burden of establishing a reversible abuse of discretion.

IV

DISPOSITION

The order is affirmed.  The parties shall bear their own costs.


                                        McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


DO, J.