[No. D041180. Fourth Dist., Div. One. Nov. 19, 2003.]

In re the Marriage of LEE and DARLENE TYDLASKA.

LEE TYDLASKA, Appellant, v.
DARLENE TYDLASKA, Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\* The opinion filed November 19, 2003, is ordered certified for publication except for parts II, III, IV and V.

### COUNSEL

H. Brian Todd for Appellant.

Sharron Voorhees for Respondent.

### OPINION

**HUFFMAN, J.**—Lee Tydlaska (Lee) appeals an order denying his request to modify spousal and child support obligations to his former spouse Darlene Tydlaska (Darlene). He contends: (1) the court erred by finding he did not file a current income and expense declaration; (2) the court should have given him an opportunity to file an updated income and expense declaration; (3) Darlene failed to timely file her income and expense declaration; and (4) the court erred by ignoring the special master's report. We affirm the order.

### PROCEDURAL BACKGROUND

Lee and Darlene dissolved their 27-year marriage. As part of the property settlement, Lee received the parties' closely held corporation, Computer Conversions, Inc. (CCI). In September 2001, the court ordered Lee to pay monthly child support of $2,185 and monthly spousal support of $4,000.

In December 2001, Lee filed an order to show cause (OSC) seeking to modify child and spousal support. Attached to the OSC was Lee's income and expense declaration dated December 24, 2001, showing his gross monthly income was $10,423. In her response, Darlene challenged the amount of Lee's gross monthly income. At a hearing in February 2002, the court appointed a special master to determine Lee's income as well as the income of CCI, and continued the hearing for two months.

The special master filed his report with the court in July 2002. He found Lee's gross monthly income for 2001 was $11,983. The court eventually held a hearing on August 8, 2002, and after taking the matter under submission, denied Lee's request to modify spousal and child support because Lee did not have a current income and expense declaration on file as required by local rules of court.

### DISCUSSION

### I

Lee contends the court erred by denying his request to modify support on the ground he failed to file a current income and expense declaration as

required by rules 5.40 and 5.47 of the San Diego County Superior Court Local Rules, Division V, Family Law.[1] He asserts those rules require an income and expense declaration to be current at the time the OSC is filed, but not at the time the matter is heard.

## A

█ "[A]n order for spousal support must be based on the facts and circumstances existing at the time the order is made." (*In re Marriage of Sinks* (1988) 204 Cal.App.3d 586, 592 [51 Cal.Rptr. 379].) Modification of a spousal support order may be made only on a showing of a material change in circumstances after the last order. (*Ibid.*; *In re Marriage of Terry* (2000) 80 Cal.App.4th 921, 928 [95 Cal.Rptr.2d 760].) Consequently, "a modification order must be based on current facts and circumstances." (*In re Marriage of Sinks, supra*, 204 Cal.App.3d at p. 592.) The moving party has the burden of showing a material change of circumstances since the last order was made. (*In re Marriage of Stephenson* (1995) 39 Cal.App.4th 71, 77 [46 Cal.Rptr.2d 8].)

█ The trial court has broad discretion to decide whether to modify a spousal support order. (*In re Marriage of Terry, supra*, 80 Cal.App.4th at p. 928 [95 Cal. Rptr.2d 760].) On appeal, we review the trial court's modification decision for abuse of discretion. An abuse of discretion is shown only when, " '. . . after calm and careful reflection upon the entire matter, it can fairly be said that no judge would reasonably make the same order under the same circumstances. [Citation.]' " (*In re Marriage of Reynolds* (1998) 63 Cal.App.4th 1373, 1377 [74 Cal.Rptr.2d 636].)

## B

Under rules 5.40 and 5.47, "[a] current income and expense declaration (and verification of income pursuant to rule 5.48) shall be filed with the moving papers for any hearing involving financial issues (such as support, attorney's fees and costs)." Rule 5.47 further provides: "An income and expense declaration is current if it is executed within 60 days of the hearing. Supplemental, updated or responsive income and expense declarations shall be served at least five court days before the hearing." The ostensible purpose of these rules is to allow the court to make its support decisions based on complete, accurate and current financial information regarding the parties' earned income, unearned income, assets and standard of living. (See Fam. Code, § 4320, subd. (c).) █ The burden of showing a material change of

---

[1] All rule references are to the San Diego County Superior Court Local Rules, Division V, Family Law, unless otherwise specified.

circumstances necessitates comparing financial information on which the original support order was based with the most recent financial information relevant to a new order. In this regard, the power to modify a support order must be limited to the conditions and circumstances existing at the time the order is made. (See *In re Marriage of Kuppinger* (1975) 48 Cal.App.3d 628, 633, 639 [120 Cal.Rptr. 654].) Thus, regardless of when a party *files* an OSC, the court *hearing* the matter must have "current" information, that is, an income and expense declaration "executed within 60 days of the hearing." (Rule 5.47.)

■ In requesting modification of spousal and child support, Lee was required to present the trial court with evidence of how his circumstances had materially changed since the original support order was made. However, he produced no evidence at the hearing, specifically a current income and expense declaration, to prove he was entitled to a modified support order. Instead, he chose to rely on outdated financial information from which the court could not fairly and accurately determine whether a material change of circumstances had occurred and whether modification was warranted. Because Lee failed to present an "evidentiary yardstick" with which the court could determine the appropriateness of a modification order (*In re Marriage of Laube* (1988) 204 Cal.App.3d 1222, 1226 [251 Cal.Rptr. 745]), his request to modify support was properly denied.

## II–V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order is affirmed.

McConnell, P. J., and Benke, J., concurred.

---

* See footnote, *ante*, page 572.