Filed 7/28/14  Simmons v. Balch CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JENNIFER SIMMONS, | D064424 |
| Respondent, | |
| v. | (Super. Ct. No. DF225067) |
| JAMES BALCH, | |
| Appellant; | |
| SAN DIEGO DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Adam Wertheimer, Commissioner.  Affirmed.

James Balch, in pro. per., for Appellant.

No appearance for Respondent Jennifer Simmons.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Catherine A. Ongiri, Deputy Attorneys General, for Respondent San Diego County Department of Child Support Services.

This appeal arises from the court's denial of appellant James Balch's motion to modify a child support order which requires he pay child support in the amount of $209 per month. Balch asserted his income and custody of his child changed and this warranted a modification of the support order. Respondent San Diego Department of Child Support Services (the Department) argued in response that Balch failed to provide credible income evidence to warrant a modification.

On appeal Simmons, appearing in propria persona, asserts the court erred in denying his modification motion because (1) each parent has an equal obligation to support their minor child, (2) the court did not consider each parent's actual income and custody in calculating the child support award, and (3) that failure was reversible "per se." We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Balch and Jennifer Simmons are the unmarried parents of a child born in 2009. On November 9, 2012, Balch was ordered to pay child support in the amount of $209 per month effective November 1, 2012. The calculation attached to the order indicated Balch had visitation with their child at 25 percent and that both Balch and Simmons had a gross income of $1,755 per month in wages.

On April 19, 2013, Balch filed a motion to modify the November 2012 child support order. In support of the motion, Balch attached a proposed stipulation and a

2

custody and visitation order issued April 10, 2013. Balch alleged his visitation with his child increased from 25 percent to 38 percent. His proposed guideline child support calculation reflected he had an income of $1,500 per month. However, in his "simplified" financial statement he declared he was currently unemployed with a gross income of $0 per month, with child care expenses of $400 per month and rent of $600 per month.

Balch's motion was heard on May 20, 2013.[1] The Department, Simmons and Balch appeared at that hearing. Simmons and Balch were sworn. Simmons requested a continuance to file a response and because the parties had an additional court date regarding custody and visitation at the end of May. Balch objected to the continuance and requested the court modify the order using the same income as the November 2012 order and a 38 percent visitation timeshare factor with his child. The court inquired as to the parties' current employment status. Balch indicated that he had stopped working two weeks prior. Simmons testified that she was unemployed and her unemployment benefits were ending.

The court indicated it was inclined to set temporary support at $0 since neither party had income and to continue the matter for the parties to make job contacts. Simmons objected to the $0 order and requested the trial court impute income to Balch. The court explained that imputation requires specific evidence and that the issue could be

---

[1] On March 27, 2014, the Department filed a motion to augment the record to include the reporter's transcript and minute orders from the May 20 and June 17 hearings, which were not included in the record on appeal filed by Balch. On April 16, 2014, we granted that motion.

addressed at the future hearings. The court noted that the simplified financial statement Balch filed was the wrong form and ordered him to file a complete income and expense declaration. The trial court found that neither party had income and set temporary child support at $0 effective May 1, 2013, without prejudice, ordered both parties to make a minimum of 10 job contacts per week, ordered the parties to file updated income and expense declarations with proof of income, and continued the matter to June 17, 2013.

The Department, Balch and Simmons appeared at the June 17, 2013 hearing. Balch presented 23 job contacts and Simmons presented 9. Simmons again requested the trial court impute income to Balch and disputed the 38 percent visitation timeshare factor used in Balch's proposed child support calculation. The trial court continued the matter to August 5, 2013, and reiterated each party must seek 10 job contacts per week.

The Department, Balch and Simmons appeared at the August 5, 2013 hearing. Balch provided 54 out of the 70 job contacts ordered and Simmons provided none. Due to the parties' failure to comply with the job contacts orders and the lack of evidence to either impute or determine income, the trial court found that Balch failed to meet his burden of proof to support modification of the November 2012 order. The trial court reinstated the November 9, 2012 order of $209 per month effective August 1, 2013.

DISCUSSION

I. *STANDARD OF REVIEW*

The trial court's determination whether modification of a child support order is warranted is reviewed for an abuse of discretion. (*In re Marriage of Bodo* (2011) 198 Cal.App.4th 373, 384.) When applying the abuse of discretion standard, the reviewing

4

court is limited to "determining whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion." (*In re Marriage of De Guigne* (2002) 97 Cal.App.4th 1353, 1360.)

## II. *ANALYSIS*

Balch asserts that there were significant changes in his employment and custody of the minor child and that this alone required the trial court to grant his request to modify the November 2012 support order. However, he did not present sufficient admissible evidence to justify a modification.

A parent seeking to modify a child support order must "'introduce admissible evidence of changed circumstances as a necessary predicate for modification.'" (*In re Marriage of Brinkman* (2003) 111 Cal.App.4th 1281, 1288, 1292.)

Guideline support places the interests of children as the state's top priority. (Fam. Code,[2] § 4053, subd. (e).) Moreover, the Family Code provides each parent should pay for the support of the children according to his or her ability. (§ 4053, subd. (d).) Thus, the trial court may consider earning capacity in lieu of actual income provided it is consistent with the best interests of the children. (§ 4058, subd. (b).)

As the court found, Balch failed to provide the trial court with the evidence necessary to determine either his actual income or his earning capacity. As we noted, *ante,* the court notified Balch at the May 20 hearing that the simplified financial statement was the wrong form and ordered him to file a complete income and expense

---

[2] All further statutory references are to the Family Code.

5

declaration. The court told Balch that to modify the November 2012 order it needed "current, complete, income and expense declarations with proof of income, filed and served in advance." The court therefore lacked the necessary evidence to evaluate the factors it was required to consider under section 4053.

Moreover, even if the court could consider modifying child support based upon the simplified financial statement filed by Balch, the financial information had to be *current* as of the time of the hearing. (*In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 640-641.) California Rules of Court, rule 5.260(a) provides that for all hearings involving child support both parties must complete, file and serve a *current* income and expense declaration. "Current" is defined as being completed within the past three months. (Cal. Rules of Court, rule 5.260(a)(3).)

Balch filed his simplified financial statement on April 19, 2013. That is more than three months prior to the August hearing. Because the only evidence in support of the modification request was an outdated income and expense declaration, Balch cannot demonstrate that the court abused its discretion in denying his motion. (*In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 576.)

## DISPOSITION

The order is affirmed.

NARES, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.

7