Filed 7/29/14  Marriage of Baysinger CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of BILLY and CHERYL BAYSINGER.<br><br>BILLY BAYSINGER,<br><br>    Respondent,<br><br>v.<br><br>CHERYL BAYSINGER,<br><br>    Appellant. | E058483<br><br>(Super.Ct.No. SBFSS46424)<br><br>**OPINION** |

APPEAL from the Superior Court of San Bernardino County.  Raymond L. Haight III and James J. Hosking, Judges.  Affirmed.

Edmund L. Montgomery for Appellant.

No appearance for Respondent.

1

Appellant Cheryl Baysinger appeals after an order denying her request to modify spousal support. Cheryl[1] contends on appeal as follows: (1) The trial court erred by finding that it lacked jurisdiction to modify the spousal support order, which was filed prior to the termination date of the previous spousal support order, but was not heard until after the prior order was terminated; and (2) the trial court should have conducted a hearing based on all of the factors in Family Code section 4320[2] before denying the modification of spousal support.

We affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

Respondent Billy Baysinger has not filed a respondent's brief. California Rules of Court, rule 8.220(a)(2), provides that when a party fails to file a responsive brief "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant." We must "'examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found. [Citations.]' [Citations.]" (*Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1192, fn. 7.)

On August 11, 1999, Billy filed for divorce. According to the petition, he and Cheryl were married on February 14, 1982, and had separated on July 15, 1999. Cheryl and Billy apparently reconciled.

---

[1] We refer to the Baysingers by their first names not out of disrespect but for ease of reference.

[2] All further statutory references are to the Family Code unless otherwise indicated.

On May 10, 2002, Cheryl filed for legal separation. She claimed they had separated on May 7, 2002. Billy contended the date of separation was July 2003. On December 15, 2003, the trial court ruled on the legal separation that the date of separation of the marriage was December 31, 2001. The parties were to meet and confer to prepare the judgment. On June 21, 2004, Cheryl filed a motion for reconsideration. It was deemed untimely. Apparently, the parties were unable to execute a judgment on the legal separation.

On August 25, 2004, Billy filed an amended petition for dissolution of marriage. The decree of dissolution of marriage was granted August 25, 2004 on the grounds of irreconcilable differences. The trial court ordered that marital status be terminated on February 26, 2005, or upon the signing of the judgment, whichever later occurs.

On July 28, 2005, the trial court filed the judgment. The trial court retained jurisdiction over the issue of spousal support for the benefit of both parties but none was awarded at that time.

On January 22, 2010, Cheryl filed an order to show cause for spousal support in the amount of $600 per month. Cheryl filed an income and expense declaration. She alleged that the marriage was of long duration pursuant to sections 4320 and 4336.[3] She declared that her income had changed and she needed spousal support.

---

[3] Section 4336, subdivision (a) provides, "Except on written agreement of the parties to the contrary or a court order terminating spousal support, the court retains jurisdiction indefinitely in a proceeding for dissolution of marriage . . . of the parties where the marriage is of long duration." Subdivision (b) of section 4336 provides a presumption of 10 years is a marriage of long duration.

On March 29, 2010, Billy filed a response contesting the request for spousal support. Billy alleged he was 72 years old. He insisted that Cheryl had to be self supporting within five years of the marital dissolution. He also filed an income and expense declaration.

The trial court heard the matter on June 3, 2010. Cheryl stated that she no longer had any income to support herself. The trial court noted Cheryl would receive social security starting January 15, 2013, and that "[c]learly, I wouldn't order any spousal support after you're going to get social security." The trial court ruled, "In considering 4320 factors, I think for the next two years there's going to be a sufficient disparity of income but some spousal support is warranted. I do find as of January 1st, 2013, incomes will be nearly equal because [Cheryl] will be getting social security over $1200. So what I'm going to do is order spousal support in the amount of $200 to commence July 1st of this year. It will terminate on January 1st, 2013, and the Court will terminate jurisdiction over spousal support." The trial court denied support retroactive from January 2010. Cheryl never objected to the decision.

On December 31, 2012, Cheryl filed an order to show cause for modification of spousal support. Cheryl requested spousal support in the amount of $600 per month. She also requested retroactive spousal support in the amount of $1,000 for the time period of January 22, 2010 (the date she filed the original order to show cause for spousal support) to June 3, 2010 (the date the matter was heard). Cheryl complained that the trial court did not consider that Cheryl only received two and one-half years of spousal support for a twenty year marriage. She filed an income and expense declaration.

4

The matter was heard on February 13, 2013. The trial court stated that it had reviewed the pleadings and the file.[4] It noted that the trial court previously had provided that spousal support would terminate on January 1, 2013 and that jurisdiction would terminate on that date. The trial court noted that the request for modification was filed on December 31, 2012. The trial court stated, "It was filed before jurisdiction terminated, but the Court's jurisdiction has now terminated and I do not believe that the Court has jurisdiction to terminate - - or to modify this judgment any longer. My tentative is to deny the request for order."

Cheryl stated, ". . . based on the long-term marriage, I am requesting spousal support based on my constitutional Amendment 14 due process, equal protection clause." Cheryl also argued that she did not receive the appropriate compensation in the divorce. The trial court stated that was an issue it could no longer decide. The trial court again stated that jurisdiction as to spousal support had terminated and it was barred from considering the request to modify. Moreover, the trial court stated that Cheryl had not presented any change in circumstances since the last order. The trial court found, "[E]ven if I did consider a request to modify, there's been no additional change in circumstances from the time of the first trial warranting any modification of the Court's orders. [¶] The request for order filed December 31, 2012, is denied."

Cheryl filed a notice of appeal on April 3, 2013 pursuant to Code of Civil Procedure section 904.1, subdivisions (a)(3)-(13).

---

**4** The trial judge who heard the modification of spousal support was different from the trial judge who originally granted spousal support.

ANALYSIS

Cheryl's claims essentially are that the trial court erred by finding it lacked jurisdiction to modify and extend spousal support, and that it did not consider the factors in section 4320 in denying the modification. We need not engage in a lengthy discussion of whether the trial court had jurisdiction to modify and extend the spousal support as it concluded, in the alternative, that no change of circumstances warranted extension of the spousal support. Such determination was not an abuse of discretion.[5]

"'Appellate review of orders modifying spousal support is governed by an abuse of discretion standard.' [Citations.]" (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 398.) When a party seeks to modify spousal support, the party must proffer admissible evidence of a material change of factual circumstances after the last order. (*Ibid.*; *In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 575.) "While the trial court has wide latitude in exercising its discretion to modify an award of spousal support, there must be demonstrated a material change of circumstances subsequent to the prior order. [Citation.] In the absence of such a substantial change of circumstances, the court has no authority to modify a spousal support award. [Citation.] The facts and circumstances of each case determine whether a modification is warranted, and the exercise of the trial court's discretion in ordering modification will not be disturbed on

---

[5] We do note that based on the cases cited in appellant's opening brief, it does appear the trial court had jurisdiction to hear the modification as the original order did not foreclose modification.

6

appeal unless, as a matter of law, an abuse of discretion is shown. [Citation.]" (*In re Marriage of Farrell* (1985) 171 Cal.App.3d 695, 700.)

"'Whether a modification of a spousal support order is warranted depends upon the facts and circumstances of each case, and its propriety rests in the sound discretion of the trial court the exercise of which this court will not disturb unless as a matter of law an abuse of discretion is shown.' [Citation.] An abuse of discretion occurs 'where, considering all the relevant circumstances, the court has exceeded the bounds of reason or it can fairly be said that no judge would reasonably make the same order under the same circumstances.' [Citation.]" (*In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 7.) "'So long as the court exercised its discretion along legal lines, its decision will not be reversed on appeal if there is substantial evidence to support it.'" (*In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 412.)

Here, the record supports the trial court's conclusion that Cheryl provided no material change of circumstances warranting continued spousal support. She submitted almost an identical income and expense declaration as the one submitted at the time she initially requested spousal support. The only difference was apparently she purchased a car and was making payments on the car. She admitted in her order to show cause that there had been no change in her disability circumstances since the trial on June 3, 2010. Her income had not changed. She was unable to work at both times. Moreover, Cheryl has made no argument on appeal that there was a material change in her circumstances. Rather, she focuses on the trial court's additional ruling that it had no jurisdiction to hear the matter. However, as noted, the trial court alternatively found that even if it decided

the issue, there were not changed circumstances warranting continuation of spousal support. The trial court did not abuse its vast discretion in denying continued spousal support to Cheryl.

Cheryl claims that the trial court did not consider the factors in section 4320 in denying the modification because it found it lacked jurisdiction to modify the spousal support. Initially, this ignores the fact that the trial court also found that if it had jurisdiction, it would not have granted additional spousal support. Moreover, unless the record shows otherwise, we presume the trial court considered the section 4320 factors in denying continued support. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ["'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown.'"].)

"A trial court considering whether to modify a spousal support order considers the same criteria set forth in Family Code section 4320 as it considered in making the initial order." (*In re Marriage of West* (2007) 152 Cal.App.4th 240, 247.) Section 4320 includes several factors to be considered in determining spousal support including the earning capacity of each party, the marketable skills of the supported party, ability of the supporting party to pay spousal support, needs of each party based on the standard of living established during the marriage, the obligations and assets of each party, the duration of the marriage and several other factors.

Here, at the initial hearing to award spousal support, the trial court made its findings under section 4320. It also stated that it would terminate jurisdiction for

8

awarding spousal support in January 2013 because at that time Cheryl would begin receiving social security. The trial court noted at the modification hearing that no material change of circumstances had been shown since the prior hearing. It considered the section 4320 factors at the prior hearing. Nothing in the record establishes that the trial court ignored the factors in section 4320 in denying continued spousal support. Cheryl has failed to show that the trial court erred in finding no material change of circumstances and denying continued support.

III

DISPOSITION

The order appealed from is affirmed. Cheryl is to bear her own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
J.

We concur:

McKINSTER _____
       Acting P. J.

CODRINGTON _____
       J.