Filed 10/26/23  Marriage of Kouvabina and Veltman CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of ELENA KOUVABINA and JACOB VELTMAN. | |
| ELENA KOUVABINA,<br><br>        Appellant,<br><br>v.<br><br>JACOB VELTMAN,<br><br>        Respondent. | A165209<br><br>(San Mateo County Super. Ct. No. 17-FAM-01346) |

Elena Kouvabina appeals an order denying her request to extend temporary spousal support.  (Fam. Code, § 3600, undesignated statutory references are to this code.)  She primarily argues she was not required to demonstrate changed circumstances to justify modifying a prior order because it was not final and the trial court reserved jurisdiction to modify it.  Alternatively, she argues the court abused its discretion by failing to inquire about her need for continued support.  We affirm.

**BACKGROUND**

Kouvabina and Jacob Veltman married in 2010, had one daughter born in 2012, and separated in 2017.  Kouvabina filed a petition for dissolution in

2017 and sought spousal support in 2018. During their relationship and since their separation, the parties generally have been employed as lawyers.

In January 2019, the trial court awarded temporary spousal support retroactive to June 1, 2017. The court ordered Veltman to pay Kouvabina $3,997 per month, effective from December 11, 2018. In addition, and starting from January 1, 2019, the court ordered him to pay her a percentage of any income he receives in excess of $24,166 per month — an amount over and above guideline support for any discretionary bonus received modeled after *In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33. The court indicated it was not inclined to award spousal support payments beyond a three-and-one-quarter-year period, given that the length of the marriage was six and one-half years.

Veltman, however, did not immediately start paying spousal support. In August 2020, he nonetheless requested an order terminating support. He argued the support timeline — three-and-one-quarter-year period from the date of separation — had elapsed, and he was not required to make any further payments. In a November 2020 order, the trial court denied his request for order. It explained that, while three and one-quarter years had passed from the date of separation, support payments would only conclude three and one-quarter years after payment of support had begun. Since Veltman only paid approximately one and one-half years of the ordered support, terminating support would leave a large amount unpaid. Accordingly, support would continue for 11 more months. At that point, the court ordered, "the temporary spousal support shall be terminated."

The trial court also denied Veltman's subsequent request in September 2021 to terminate temporary spousal support. In response to Kouvabina's request for clarification, a November 2021 order confirmed support would

2

terminate in March 2022 — 16 months, not 11 months as stated in the November 2020 order — thus fulfilling the three-and-one-quarter-year obligation previously imposed.

In February 2022, Kouvabina sought an extension of spousal support beyond March 2022. She stated her support went toward litigation costs, fees, and living expenses. She averred that she solely paid community property debts, tuition for her daughter, and attorney fee loans. She also speculated she would be saddled with future litigation costs, such as an appeal, related to the dissolution. Additionally, she noted she would be subject to significant taxes in 2021 based on the spousal support she received. Moreover, until the couple's assets were actually distributed in a judgment, Kouvabina argued, the termination of spousal support would make her insolvent and force her into bankruptcy.

The trial court denied Kouvabina's request. The court concluded she did not demonstrate any changed circumstances warranting modification of the support order, and her request was simply asking the court to reconsider the original support order.

## DISCUSSION

Kouvabina makes a series of challenges to the order denying her request to extend spousal support. We address each argument below.

Generally, courts may award temporary spousal support during the pendency of a proceeding for dissolution of marriage based on the moving party's need and the other party's ability to pay. (§ 3600; *In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 103.) The order must be based on then-existing facts. (*In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 575 (*Tydlaska*).) The purpose of such orders is "to maintain the parties' standards of living in as close as possible to the preseparation status quo,

3

pending trial." (*Ciprari*, at p. 103.) Temporary spousal support orders may be modified or terminated at any time, except as to the amount that accrued before the filing of a motion to modify or terminate. (§ 3603.) Modifying a support order requires demonstrating a material change in circumstances, based on *current* facts and circumstances. (*Tydlaska*, at p. 575.)

The trial court has broad discretion to modify temporary spousal support orders. (*Tydlaska, supra,* 114 Cal.App.4th at p. 575.) We review a modification decision for an abuse of discretion — whether no reasonable judge would issue the same order under the circumstances. (*Ibid*.) We review de novo the court's interpretation and application of statutes and rules. (*In re Marriage of Left* (2012) 208 Cal.App.4th 1137, 1145.)

As a preliminary matter, we reject Kouvabina's argument that the trial court exceeded its jurisdiction by denying her request to extend temporary spousal support. She contends the judge who ruled on her request lacked the authority to issue any decision because a different judge was assigned to the case for all purposes. Kouvabina failed to make this argument below, thus forfeiting it. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1422 [challenges to rulings in excess of jurisdiction are forfeited in the absence of a timely objection].)

Next, Kouvabina argues the trial court erroneously denied her request based on her failure to demonstrate changed circumstances. First, relying on *Zinke v. Zinke* (1963) 212 Cal.App.2d 379, she argues a demonstration of changed circumstances was not required because the court previously reserved jurisdiction to make changes to its support order. (*Id*. at p. 382 [stating a showing of changed circumstances is not a prerequisite to modifying a temporary support award in cases " 'where the original order of allowance is expressly limited "until further order of Court" ' "].) While we

4

note *Zinke* conflicts with the majority view that any modification must be predicated on a material change in circumstances, resolving whether a reservation of jurisdiction obviates this requirement is unnecessary. (*In re Marriage of Freitas* (2012) 209 Cal.App.4th 1059, 1068.) As Kouvabina concedes, none of the orders regarding temporary spousal support included a reservation of jurisdiction. The initial January 2019 order awarding temporary spousal support simply noted the amount to which Kouvabina was entitled. The November 2020 order similarly stated the court "maintains the previous temporary spousal support order and order[s] [Veltman] to continue to pay according to the prior agreement until he has completed the remaining of the 3.25 years."

The trial court's oral statement at the October 2021 hearing — that the obligation to pay support would end on March 1, 2022, "unless there's a further order of the court" — did not reserve jurisdiction over the order, contrary to Kouvabina's assertions. Comments made during a hearing on a motion cannot impeach the court's subsequent written ruling. (*Valero Refining Co.—California v. Bay Area Air Quality Management Dist. Hearing Bd.* (2020) 49 Cal.App.5th 618, 644, fn. 24.) Instead, we disregard a court's comments made at a hearing and consider only those made in the final order. (*Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 300–301.) Relevant here, the November 2021 order clarifying the termination date for temporary spousal support only stated, "Final monthly payment of spousal support shall be on March 2022." That language, which did not reserve jurisdiction, controls here.[1]

---

[1] We do not consider Kouvabina's argument that the California Rules of Court required the family law facilitator to submit a proposed order to the court after soliciting comments from the parties; this argument is made for

5

Second, Kouvabina appears to suggest no material change of circumstances was required to extend temporary spousal support because the order limiting the time period for support was tentative, not final. She contends the trial court did not issue any statements of decision setting forth a termination date, so the court was authorized to amend its order at any time, even in the absence of changed circumstances. After reviewing the relevant statutes regarding statements of decision, we conclude this argument is meritless. (*In re Marriage of Left*, *supra*, 208 Cal.App.4th at p. 1145.)

The identified orders were final even in the absence of a statement of decision. (*Warwick California Corp. v. Applied Underwriters, Inc.* (2020) 44 Cal.App.5th 67, 73–74 [" 'courts typically embody their final rulings not in statements of decision but in orders or judgments' "].) Moreover, the trial court was not required to issue a statement of decision here. Statements of decision explaining the factual and legal basis for a court's decision on controverted issues are required when there has been a *trial* followed by a judgment. (Code Civ. Proc., § 632; *Anne H. v. Michael B.* (2016) 1 Cal.App.5th 488, 501, fn. 7.) This is not so for an order on a motion, as is the case here, "even if the motion involves an evidentiary hearing and even if the order is appealable." (*Lien v. Lucky United Properties Investment, Inc.* (2008) 163 Cal.App.4th 620, 623–624; *In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 294.) And while section 3654 requires a statement of decision at the request of either party, the court must do so only for orders modifying, terminating, or setting aside a support order. None of these circumstances are present.

the first time on appeal and is forfeited. (*People v. Clark* (2016) 63 Cal.4th 522, 584.)

6

The orders at issue did not involve a trial. The November 2020 and September 2021 orders *denied* Veltman's request to terminate or modify the spousal support order. (*In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010 [statement of decision is important in connection with *modification* orders].) The November 2020 order did not, as Kouvabina contends, grant Veltman's request to limit spousal support to half the duration of the marriage or impose limits that were not previously imposed. As noted in the order, the court had already indicated support would terminate after payments were made for half the length of their marriage — approximately three and one-quarter years. Nor was there a change made in the November 2021 order — it merely clarified 39 months of support would end in March 2022. Thus, it expressly maintained the already adopted support duration. Moreover, nothing in the orders indicated they were tentative. The lack of statements of decision here did not absolve Kouvabina of demonstrating changed circumstances to justify modifying the temporary support order. (*In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 412 [modifications to spousal support may only be granted " 'if there has been a material change of circumstances since the last order. [Citation.] Otherwise, dissolution cases would have no finality and unhappy former spouses could bring repeated actions for modification' "].)

Finally, we reject the argument that the trial court abused its discretion by failing to inquire whether any changed circumstances justified extending spousal support. At the hearing on Kouvabina's request, the court expressly asked her to identify any financial circumstances that had changed. She simply reiterated statements made in her motion papers, that she was paying community property obligations. The court noted it had already read

7

those arguments, found she had not demonstrated any change warranting modification of the support order, and denied the request.

The record supports the trial court's conclusion. In Kouvabina's April 2021 income and expense declaration — which preceded the court's September 2021 order denying Veltman's request to modify the temporary support order — she stated her average monthly income was $7,828, and she received $3,997 in spousal support in addition to a percentage of Veltman's bonuses. (*Tydlaska, supra,* 114 Cal.App.4th at p. 575.) Her total expenses were $11,815. She noted that she bore a disproportionate amount of the litigation expenses related to the dissolution, she solely paid for her daughter's private school tuition and extracurricular activities,[2] and solely provided for the needs of her ailing mother.

By contrast, in her January 2022 income and expense declaration, Kouvabina reported her monthly salary actually increased to $9,870, she received the $3,997 monthly spousal support, and in 2021 she received various payments related to Veltman's bonuses — $41,334 for the first quarter of 2021, $34,361 for the second quarter of 2021, and various amounts she failed to identify for the remaining quarters in 2021. According to her 2022 declaration, Kouvabina's total expenses remained similar — approximately $12,422. She again noted she was solely paying for her daughter's private school tuition, extracurricular activities, and health care

---

[2] We note that expenses related to a child's education and extracurricular activities are more appropriately addressed in requests for child support, not spousal support. (§ 150 [child support includes education expenses]; *In re Marriage of Aylesworth* (1980) 106 Cal.App.3d 869, 878 [children "entitled to an award of private school tuition where appropriate to [their] parents' income"].)

8

for her mother.  Again, she noted she had a significant amount of litigation costs related to the dissolution.

We reject Kouvabina's argument, relying on *In re Marriage of Beust* (1994) 23 Cal.App.4th 24, that she demonstrated changed circumstances because, at the time of her request, there was no final judgment on the financial issues in the dissolution, such as permanent spousal support.  (*Id.* at p. 29.)  Specifically, she expected to have a permanent support order in place when her temporary spousal support terminated, rather than a gap during which she would pay her own expenses.  *Beust* does not assist Kouvabina.  There, the wife was not employed during the marriage. (*Id.* at p. 26.)  A stipulated dissolution judgment required the husband to provide spousal support, but the amount would decrease when the wife obtained an income over a certain threshold.  (*Id.* at pp. 26–27.)  After the marriage dissolved, the wife obtained employment at an auto dealership, but her income was insufficient to pay her living expenses.  (*Id.* at p. 28.)  In granting the wife's requested spousal support modification, the court noted the wife demonstrated changed circumstances in the form of " 'unrealized expectations' in the ability of the supported spouse to become self-supporting within a certain period of time." (*Id.* at p. 29.)  But this only applied as long as "the supported spouse has made reasonable efforts to become self-supporting." (*Ibid.*)

Here, Kouvabina experienced no disruption in her ability to earn income — she was employed as an attorney during the marriage and after she separated from Veltman.  More importantly, nothing in the orders indicate the trial court intended the temporary spousal support to continue until a permanent support order was imposed.  Rather, the court ordered temporary spousal support to terminate after three and one-quarter years

because that time period was half of the marriage. (§ 4320, subd. (*l*) [reasonable period of time for permanent spousal support order is generally one-half the length of the marriage]; *In re Marriage of Left*, *supra*, 208 Cal.App.4th at p. 1153, fn. 11 [considering § 4320 permanent spousal support factors when making temporary spousal support determinations].)

We further reject Kouvabina's assertion that her future appellate costs and fees related to the dissolution and her anticipated tax obligations for prior years constitute changed circumstances. The relevant circumstances here are those that developed since the prior support order and those existing *at the time of the modification hearing*, not changes that may but have not yet occurred. (*Tydlaska*, *supra*, 114 Cal.App.4th at p. 575.) Because Kouvabina failed to demonstrate changed circumstances, the trial court did not abuse its discretion by determining the request was nothing more than an effort to get the court to reconsider its prior support order.[3] (*In re Marriage of Stanton* (2010) 190 Cal.App.4th 547, 554 [" ' "Absent a change of circumstances, a motion for modification is nothing more than an impermissible collateral attack on a prior final order." ' "].) Denying Kouvabina's request was not an abuse of discretion.

## DISPOSITION

The order is affirmed. Veltman is entitled to his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

---

[3] We do not address Kouvabina's argument that she was entitled to challenge the prior support orders under exceptions to the collateral attack doctrine. She failed to make this argument in the trial court, thus forfeiting the issue. (*People v. Clark*, *supra*, 63 Cal.4th at p. 584.)

RODRÍGUEZ, J.

WE CONCUR:

FUJISAKI, ACTING P. J.

PETROU, J.

A165209
*In re Marriage of Kouvabina and Veltman*