Filed 4/29/26  Hartman v. Hartman CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ELENA HARTMAN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL HARTMAN,<br><br>        Defendant and Respondent. | A172492<br><br><br>(San Mateo County<br>Super. Ct. No. 19FAM02147) |

Following the dissolution of their marriage, Elena Hartman was ordered to pay Michael Hartman spousal support in the amount of $2,772 a month for 24 months and child support in the amount of $1,092 per month plus 50 percent of all mandatory expenses and agreed-upon discretionary expenses.[1]  In March 2025, this court affirmed the judgment that included the support orders.  (*Hartman v. Hartman* (Mar. 17, 2025, A169243) [nonpub. opn.].)

In the present appeal, Elena challenges an order denying her motions to set aside the judgment under Family Code[2] section 2120 et seq. and to modify spousal and child support based on the reduction in her income due to disability and ordering her to pay Michael sanctions in the amount of $41,602.50 pursuant to

_____

[1] The parties share a surname, so we refer to them by their first names.

[2] All undesignated statutory references are to the Family Code.

1

section 271.  Michael did not file a brief on appeal.  We find no error and affirm the order.

## BACKGROUND

Elena filed the petition for dissolution of marriage in September 2019. The judgment under which she was ordered to pay child and spousal support was entered in January 2024, following five days of trial in August and September 2023.

In March 2024, Elena filed a request for reconsideration and modification of the support order.  Her request alleges, among other things, that (1) her current income is nearly half of what was used to calculate support payments for the order due to having been placed on disability by her doctor and (2) she recently discovered evidence that shows that Michael was "evasive" about his ability to support himself and the minor child.[3]

In a request for order filed in June 2024, Elena asked the court to set aside the support orders under section 2120 et seq. based on Michael's "fraud, perjury and violation of discovery."  A declaration filed in support of her request alleges that Michael testified falsely with regard to his agreement with his employer, Silo Wellness, when he claimed that he was receiving equity instead as compensation because the entity was unable to pay him his $12,000 a month salary at that time.  The declaration claims that despite claiming to have no income at trial, in December 2023 he claimed $12,000 a month in income on an application for a new car.  In addition, the declaration

---

[3] Elena's motion also requested that the court take into consideration the alleged history of domestic violence perpetrated by Michael when making orders regarding child and spousal support.  The court ultimately concluded Elena had not established a nexus as to how Michael's alleged behavior affected her ability to prepare for trial.  Elena has not challenged this ruling on appeal.

states that, despite claiming at trial that he was unable to work because he is limited to 10 to 20 minutes of repetitive tasks due to injury, Elena learned after trial that Michael regularly works out at a boxing gym.

In an amended request for order filed in August 2024, Elena realleged that Michael concealed his income at trial and alleged further that his economic circumstances have changed since entry of the order. She alleges that evidence that he was working out at a boxing gym after entry of the support order shows either that he was lying when he claimed at trial to be unable to work as a result of his health condition or that improvements in his physical health justify reconsideration of the support order. She also alleged that his behavior after entry of the order—purchasing a new car and moving into a new apartment—are inconsistent with his claim at trial that he had no income, including that he was not receiving an income "from his work as CEO of Silo Wellness, SW Holdings, Island Breeze Systems CA, House of Walter Green and possibly other companies." The request cites deposits to Michael's checking account by Island Breeze Systems CA in 2024, which Elena argues were both concealed and should be considered income. Finally, she alleges that payments received from his mother's trust under which he was a beneficiary were concealed at trial and should have been included as income in calculating support payments.

Michael opposed the motion and requested sanctions. Initially, he argued that Elena had not met her burden to establish changed circumstances because she had "refused to provide information and documentation regarding her disability and how it has impacted her ability to work," nor had she presented "clear or complete information about what work she is presently doing, why she is not working (if in fact she isn't working), or what limitations (if any) she has on the work that she can do." With respect

to his alleged "fraud, perjury and violation of discovery," Michael alleged that Elena was attempting to relitigate issues decided in the trial. He explained that his income and expense declarations "admitted into evidence accurately reflected my income at the time, including details about the debt conversion and proceeds from the sale of the resulting Silo Wellness stock." The same is true, he alleged, of the loans he had received from his mother. His responsive declaration states: "[T]he Unsecured Promissory Note I have with my mother is not new information. Nor is this a new argument from Elena. The information regarding the Unsecured Promissory Note was listed in my then current Income and Expense Declaration and I testified about the loan at trial. . . . Elena argued at trial that the loans I took should be included as income, which she is now arguing again in her current motion. Elena is rearguing that same point already addressed by the Court. These loans are not income available for support."

In a second declaration submitted in response to one of Elena's amended requests for order, Michael explained, "I exercise at a boxing gym, and I have done so since before the trial. Elena never asked me about exercising prior to the trial, it never came up at trial, and I never withheld any information about exercise." He added that his doctor "is aware that I exercise at the boxing gym, and nothing that I do there is inconsistent with my injuries. For example, I do not spar (which is essentially live-action practice fighting) as that is too much for my hands, but I do engage in exercise to try to strengthen my hands where I can."

Elena's reply to Michael's response repeated her prior allegations and asserted two additional grounds for her claim that Michael had concealed financial information and/or that his financial circumstances had changed. First, she alleged that "[a]fter the legal separation, Respondent remained in

4

the family home in South San Francisco, which was leased, and the security deposit for which was paid with community funds. After the termination of the lease in 2023, Michael received, embezzled, and failed to disclose $3,600 in violation of Family Code § 2550 and § 1100(e) as a refund for the joint security deposit." (Boldface omitted.) Documentation attached to her declaration shows the deposit was returned in January 2024. She also alleges, "According to the Affidavit of Daniel Patrick Isaacson, the owner of One Gro, Inc. (Oregon), his company in May 2018, paid Michael through the company he solely owns and operates $1,250,000. The Affidavit is attached hereto as Exhibit 4. From May 2018 to the date of separation, the parties have not acquired any substantial assets. Petitioner never had access to these funds. While not investing these funds into the family, Michael also concealed at disclosure, committing actual fraud." (Boldface omitted.)

Michael objected to Elena's reply on the ground that it was untimely. He further argued: "Petitioner asserts a new argument that Respondent committed perjury and fraud through his business dealings with a company called One Gro, Inc. that goes all the way back to May 2018. Moreover, Petitioner introduces an Affidavit from Daniel Patrick Isaacson as Exhibit 4, which is undated and unverifiable. These arguments and facts were not present in the original motion that was filed on June 7, 2024 even though this information is allegedly from May 2018 to the date of the parties' separation. Yet Petitioner only now presents it in her Reply Declaration, giving Respondent no opportunity to verify the letter or defend himself against these claims. This underhandedness by Petitioner undermines the procedural fairness and Respondents' right to due process. [¶] [] Additionally, Petitioner attempts to introduce a new argument about the deposit on the rental property occupied by Respondent. All of the

5

information Petitioner attempts to introduce was available at the time the motion was filed."

Following a hearing in November 2024, the court denied Elena's requests. A written order was filed in December 2024. With respect to Elena's request to modify the support order, the court found that she had not "met her burden of establishing a basis for a modification and has not substantiated her request." The court explained that Elena "failed to file an accurate and complete Income and Expense Declaration signed by her under penalty of perjury, as required for a motion to modify support. Despite having brought the motion and the Court continuing the hearing once for over five weeks to allow her to correct that deficiency and file a current, complete Income and Expense Declaration, Petitioner failed to do so."

With respect to Elena's motion to set aside the prior order, the court found that Michael had provided a comprehensive responsive declaration showing that his compensation was as reflected in his prior income and expense declarations. The court explained, "With respect to Petitioner's allegations regarding Respondent's physical health, Respondent has responded to these allegations and the Court finds his testimony to be credible. Respondent's hands are still too injured to work at his previous job. Although he participates in exercises at a boxing gym, he testified that he participated in these same exercises during the marriage to Petitioner. [¶] [] Regarding the security deposit allegations, Petitioner has not established that Respondent concealed the existence of a security deposit prior to the close of evidence and the Court declines to set aside any portions of the Judgment based on that claim. [¶] [] Regarding Petitioner's allegations of contributions from a family trust, Petitioner has not provided any explanation as to why these claims were not brought at trial. The Court

6

declines to set aside any portions of the Judgment based on these claims. [¶] [] As to Petitioner's allegations of alleged payments to One Gro, Inc., Petitioner has not provided any explanation as to why these claims were not brought at trial and so the Court declines to set aside any portion of the Judgment based on these claims."

Finally, the court granted Michael's request for sanctions. The court explained, "The Court finds that Petitioner's conduct has frustrated the policy of law to promote settlement of litigation and where possible to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. [¶] [] The Court notes that this matter is post-Judgment and a number of the matters that have been raised by Petitioner are relitigating matters that were addressed over the course of the five-day trial in 2023. [¶] [] The Court finds that the discovery conducted by Petitioner was a fishing expedition and that this case does need resolution. [¶] [] The Court further finds that the attorney fees in the amount of $41,602.50 were reasonably incurred and incurred as a result of Petitioner's violation of Family Code Section 271."

## DISCUSSION

### I.

Elena contends the court erred in denying her request for a continuance of the November hearing. She argues that denying her a continuance "to obtain evidence and then denying relief for lack of proof, fundamentally undermined the fairness of the proceeding."

Continuances in family court matters are granted only on an affirmative showing of good cause. (Cal. Rules of Court, rule 3.1332; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823.) Under rule 3.1332 (c)(6), "[a] party's excused inability to obtain essential testimony,

7

documents, or other material evidence despite diligent efforts" amounts to good cause. This court "must uphold a trial court's choice not to grant a continuance unless the court has abused its discretion in so doing." (*In re Marriage of Falcone & Fyke*, at p. 823.)

The hearing on Elena's motions commenced in October 2024, at which time the parties argued extensively regarding the merits of her claim to set aside the judgment and both Michael and Elena were given a brief opportunity to testify. At the conclusion of the hearing, the court continued the hearing to a date in November directing Elena to submit a current income and expense declaration in support of her request for modification of the support orders and Michael's counsel to submit additional documentation for his request for sanctions.

The continued hearing was held on Tuesday, November 12. At the start of the hearing, Elena's counsel indicated that she had filed a request for continuance by email the previous Friday. The clerk confirmed that while the court had received an email from counsel indicating that a request for continuance had been filed, no copy of the filing was attached to the email. Nonetheless, Elena's counsel was permitted to state her grounds for continuance: "One of the grounds to set aside, for our request to set aside, was related to Hartman Family Trust from which, as Mr. Hartman claims he received loans. And as we show, he received monthly payments that covered his expenses. And we argue that is his income. And that circumstances and facts that occurred after the judgment proves our argument. [¶] And, therefore, we—during the discovery we subpoenaed documents from Edith Hartman, respondent's mother, who is the claimed beneficiary of the fund. And she ignored our subpoenas, so we—at the last hearing Mr. Hartman argued that claims that we're arguing the circumstances that were already

8

discussed at trial, so we have to show that we're not rearguing or bringing the same argument but showing the circumstances and transfers that happened after the hearing and that proves that it is income. [¶] And that is why we, as Ms. Edith Hartman ignored our subpoena, we filed motion to compel her to produce the documents, and the motion is scheduled for March 3. And that is why we're saying that petitioner would be prejudiced if she would be forced to argue this case without those documents and before the hearing a motion to compel. [¶] Moreover, the tax return that we requested numerous times from Mr. Hartman during the discovery. This tax return was provided to us only 40 minutes ago, and that is why we also need some time to review it. And that is why we ask for continuance after the motion to compel would be heard on March 3."

Michael's attorney argued the request to continue was untimely, the recently filed motion to compel was untimely, and that, in any event, Elena failed to establish good cause because the loans to Michael from his mother had been discussed repeatedly at that point.

The court found that Elena failed to establish good cause for the continuance and denied her motion. We find no error. To start, the record on appeal does not include a request for continuance or any supporting documentation such as the allegedly pending motion to compel. The record establishes that the promissory note setting forth the terms of the loan to Michael from his mother, along with the various payments between February 2020 and July 2024, was initially disclosed at trial and updated in response to Elena's post-judgment discovery, and discussed at the October hearing. Elena failed to establish what additional information she sought to subpoena from Michael's mother or that she was diligent in seeking that information.

9

Nor did the denial of a continuance deprive Elena of due process and a fair trial. As Elena argues, " 'One of the elements of a fair trial is the *right to offer relevant and competent evidence on a material issue.* Subject to such obvious qualifications as the court's power to restrict cumulative and rebuttal evidence . . . denial of this fundamental right is almost always considered reversible error.' " (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1357.) For the same reasons that we concluded that the trial court did not abuse its discretion in denying her request for a continuance, the trial court also did not deny Elena due process.

## II.

Elena contends the trial court erred in denying her motion to set aside the existing support orders. We find no error.

Section 2120 sets forth the legislative findings regarding the "strong policy of ensuring the division of community and quasi-community property in the dissolution of a marriage . . . and of providing for fair and sufficient child and spousal support awards." (*Id.*, subd. (a).) The section goes on to state that "[t]hese policy goals can only be implemented with full disclosure of community, quasi-community, and separate assets, liabilities, income, and expenses, . . . and decisions freely and knowingly made." (*Ibid.*) Section 2120, subdivision (b), acknowledges that "[i]t occasionally happens that the division of property or the award of support, whether made as a result of agreement or trial, is inequitable when made due to the nondisclosure or other misconduct of one of the parties." Accordingly, section 2121 authorizes the trial court to set aside an order entered in dissolution proceedings based on enumerated grounds and within specified time limits if the court finds that "the facts alleged as the grounds for relief materially affected the original outcome and that the moving party would

10

materially benefit from the granting of the relief." (§ 2121, subds. (a), (b).) The grounds for relief are contained in section 2122, which provides, in relevant part: "The grounds . . . for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following: [¶] (a) Actual fraud where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding. . . . [¶] (b) Perjury. . . . [¶] . . . [¶] . . . [¶] (f) Failure to comply with the disclosure requirements of Chapter 9 (commencing with Section 2100)." An order denying a motion to set aside a judgment under section 2121 is reviewed for abuse of discretion. (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138.)

Elena contends the trial court applied the wrong legal standard in denying her request for relief under section 2021. She argues the court relied on the following improper grounds in denying the motion: (1) the court found that she was "relitigating" trial issues and that the case "needs resolution" and (2) the court "treated the absence of trial presentation as a categorical bar to set-aside relief." She suggests that "[b]y treating the failure to raise post-judgment facts at trial as dispositive, the court conflated diligence with trial presentation." As a result, she suggests that the court failed to make the necessary findings regarding materiality, reasonable diligence, and fairness.

The court's ruling, set forth in full above, reflects application of the proper standard. To start, the court rejected Elena's arguments that Michael concealed or misrepresented his income from Silo Wellness at trial or that he misrepresented the extent of his injury at trial. Michael's declaration as well as his testimony at the hearing support these findings and Elena's new evidence—photographs of Michael at the boxing gym and his car loan

11

application—does not establish otherwise. Accordingly, the court did not err in denying Elena's request to set aside the judgment on these grounds.

With respect to Elena's argument that Michael concealed the return of the security deposit at trial, the documentation provided by Elena shows that the deposit was not actually returned until after the support order was entered. Thus, its return cannot have been concealed at trial. As the trial court found, Elena does not claim that she was unaware of the existence of the security deposit at the time of trial. Accordingly, the court did not err in refusing to set aside the judgment on this ground.

The court rejected Elena's argument that Michael concealed payments from a family trust on the ground that Elena failed to provide "any explanation as to why these claims were not brought at trial." In her trial court briefing, Elena argued that Michael committed actual fraud by representing family trust distributions as loans from his mother. She does not dispute that the loans were disclosed at trial, Michael testified about the loans at trial, and the court rejected Elena's argument that the loans should be considered income at that time. At the hearing on her motions, Elena's counsel cited evidence of additional payments made in 2024 and argued that "in 2024, [Michael] started buying cars, paying rent from this trust, paying two law firms for representation . . ., so this pattern was not obvious during trial. . . . [I]t is only now when we see the pattern that he's just spent this money on himself. He has plenty of resources to live but he [is] still . . . punishing my client seeking spousal and child support from her while she's on disability." These subsequent payments, however, do not establish that Michael failed to disclose material information about the loans at trial.

Finally, the court rejected Elena's argument that Michael failed to disclose an alleged payment in 2018 from One Gro, Inc. on the ground that

Elena has not provided "any explanation as to why these claims were not brought at trial." Elena's declaration is quoted in full above regarding these alleged payments. On appeal, she argues that the trial court applied an incorrect legal test and that the statutory question is "not whether these matters had been raised at trial, but whether they were reasonably discoverable earlier." We agree with her characterization of the relevant inquiry, but disagree that the court failed to apply the correct test. The trial court's statement is reasonably understood as including a determination that the alleged payment in 2018 from One Gro, Inc. was reasonably discoverable prior to trial with due diligence.

Assuming that the trial court failed to make a finding about diligence and arguing that application of the wrong legal standard alone is grounds for reversal of the order, Elena fails to address the trial court's finding on the merits. We could affirm on that basis. (See *Boblitt v. Boblitt* (2010) 190 Cal.App.4th 603, 609 [ " ' "[e]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration" ' "].) We note briefly, however, that on the limited record before us, Elena has not met her burden of showing that the alleged payment could not have been discovered with due diligence.

The record shows that at the time of trial, the parties were aware of a lawsuit by one of Michael's companies against One Gro, Inc. and that the court rejected as speculative Elena's claim to a split of any potential award received in that action. At the hearing, Elena's counsel indicated that Elena was contacted by someone from One Gro, Inc. not long before the hearing indicating that "there is another case that he paid out such an amount of money" and that they had only recently obtained the affidavit. She added,

13

"so it was impossible to find out because there was nothing in the income and expense declaration and disclosures that could give a hint that Mr. Hartman received such an amount of money and never disclosed it to his spouse." Elena's moving papers in the trial court included no information, however, regarding how or when she discovered the alleged payment from One Gro, Inc. Nor did she allege any facts showing that she could not have discovered, with the exercise of due diligence, the alleged payment sooner. Given her knowledge of Michael's business relationship with One Gro, Inc. at the time of trial, her counsel's statement that they were only recently "contacted" by an executive at One Gro, Inc. is insufficient to established reasonable diligence. Accordingly, on this record, the trial court did not abuse its discretion in finding that had not met her burden of showing a material failure to disclose at trial.

## III.

Elena contends the trial court erred in denying her motion for modification of the support orders. A support order "may be modified or terminated at any time as the court deems to be necessary." (§ 3651, subd. (a).) " 'Ordinarily, a *factual* change of circumstances is required [for an order modifying support] (e.g., increase or decrease in either party's income available to pay child support).' [Citation.] 'There are no rigid guidelines for judging whether circumstances have sufficiently changed to warrant a child support modification. So long as the statewide statutory formula support requirements are met [citation], the determination is made on a case-by-case basis and may properly rest on fluctuations in *need* or *ability to pay*.' " (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 556.) "Statutory procedures for modification of child support 'require a party to introduce admissible evidence of changed circumstances as a necessary predicate for

14

modification.' [Citations.] The burden of proof to establish that changed circumstances warrant a downward adjustment in child support rests with the supporting spouse." (*Ibid*.)

Elena contends that her declaration under penalty of perjury that her income had materially decreased due to disability and inability to work and the documents attached to her declaration showing that the state Employment Development Department had confirmed her disability benefits amounted to competent evidence of changed circumstances. She argues that the court erred by failing to decide whether this evidence was sufficient and instead relied on "a procedural deficiency, an Income and Expense Declaration that was signed by Appellant's attorney rather than Appellant herself" to deny the motion. She suggests that "[w]hen presented with sworn evidence of a substantial income reduction, the court had only three lawful options: grant modification, deny it based on a merits determination that no material change occurred, or continue the matter to permit supplementation. Denial without reaching the merits was not among them." The record does not support Elena's argument.

At the October hearing, the court indicated its preliminary intention to reduce temporary support based on Elena's documentation. Michael's counsel objected on the ground that they had not received a current income and expense declaration so that they cannot determine the amount of Elena's current income. Elena's counsel insisted that an income and expense declaration had been filed the previous summer. The court explained that the court rules required that the declaration be filed within three months of the hearing. Ultimately, the court continued the hearing and directed Elena "to make sure that there's an updated income and expense declaration filed" prior to the next hearing. In advance of the hearing, Elena filed an income

15

and expense declaration that was unsigned and identified Elena's attorney as the declarant. At the hearing, Michael's counsel represented that when Elena's failure to sign the document was brought to her attorney's attention, Elena's counsel emailed her an income and expense declaration signed by counsel not Elena. That document, however, was not filed. The trial court denied the modification motion, explaining that "petitioner has not met her burden of establishing the basis for a modification, and she has not substantiated her request."

Under the California Rules of Court, rule 5.92(b)(2), "When a party seeks orders for spousal or domestic partner support, attorney's fees and costs, or other orders relating to the parties' property or finances: [¶] (A) The party must complete an *Income and Expense Declaration* (form FL-150) and file it with the *Request for Order* (form FL-300); and [¶] (B) The *Income and Expense Declaration* (form FL-150) must be current, as described in rule 5.260 and include the documents specified in form FL-150 that demonstrate the party's income." Similarly, under rule 5.92(b)(3), "When seeking child support orders: (A) A party must complete an *Income and Expense Declaration* (form FL-150) and file it with the *Request for Order* (form FL-300); [¶] (B) The *Income and Expense Declaration* (form FL-150) must be current, as described in rule 5.260 and include the documents specified in the form that demonstrate the party's income; and [¶] (C) A party may complete a current *Financial Statement (Simplified)* (form FL-155) instead of a current *Income and Expense Declaration* (form FL-150) only if the party meets the requirements listed in form FL-155." Under rule 5.260(a)(3), " 'Current' means the form has been completed within the past three months providing no facts have changed. The form must be sufficiently completed to allow the court to make an order."

16

Contrary to Elena's characterization, the requirement that she file a signed, current income and expense declaration is not merely a "procedural deficiency." "The burden of showing a material change of circumstances necessitates comparing financial information on which the original support order was based with the most recent financial information relevant to a new order." (*In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 575–576 [affirming denial of request for modification of support when the moving party "failed to present an 'evidentiary yardstick'" from which the court can determine the appropriateness of a modification order].) Elena's refusal to sign her declaration warranted denial of her request for modification.

**IV.**

Elena contends the court erred in granting Michael's request for sanctions. Section 271, subdivision (a) provides the trial court with authority to order the opposing party to pay attorney fees and costs in the nature of a sanction when "the conduct of each party or attorney . . . frustrates the policy of the law to promote settlement of litigation." Specifically the statute provides: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the

17

party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award." (§ 271, subd. (a).)

" 'A sanction order under . . .section 271 is reviewed under the abuse of discretion standard. " '[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order.' " ' [Citation.] 'In reviewing such an award, we must indulge all reasonable inferences to uphold the court's order.' " (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1477.)

Elena contends that the court improperly imposed sanctions to penalize her for conduct it perceived as "excessive 'relitigation' and an improper refusal to allow the case to reach 'resolution.' " She argues that the sanctions are not supported by substantial evidence and there is no showing that her conduct "frustrated settlement or increased litigation costs." She also argues that the court failed to consider her ability to pay when imposing sanctions and that the court violated her right to due process by imposing sanctions without considering her written objections. Elena's arguments are factually and legally incorrect.

To start, before imposing sanctions, the court went through the various requests to determine whether "there has been notice and opportunity to be heard regarding the amounts." The court looked at the individual amounts requested based on hours spent on the motion to set aside the judgment, the motion for reconsideration, and Elena's request to modify support. Contrary to Elena's argument on appeal, the request was adequately supported by a declaration of counsel. Based on this record, the trial court reasonably concluded that Elena's relitigation of many of the issues addressed at trial unreasonably increased litigation costs.

18

The record also reflects that at the hearing on the motion for sanctions, the court expressly considered Elena's objections, including that she was unable to pay the sanctions, and allowed counsel an opportunity to address them. In response, Michael's counsel explained that they were requesting that the sanctions order be offset against any amount that would be owed to her under the remaining division of the marital assets. Elena's counsel failed to discuss the motion for sanctions, opting instead to reargue Elena's motions on the merits. Ultimately, the court ordered that the sanction award "be offset against any equalizing payment . . . owed by Mr. Hartman to petitioner for the division of retirement accounts." Accordingly, the record reflects that the court properly considered whether the sanctions order would impose an unreasonable financial burden on Elena.

## DISPOSITION

The order denying Elena's motions is affirmed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
SWEET, J. *

---

*Judge of the Marin Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19